UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JESSICA BERK,**<br><br>       **Plaintiff,**<br><br>    v.<br><br>**RITZ CONDOMINIUM ASSOCIATION,** *et al.***,**<br><br>       **Defendants.** | Case No. 23–cv–01877–ESK–MJS<br><br>OPINION AND ORDER |

**THIS MATTER** is before the Court on defendant Ritz Condominium Association's (Ritz) request (ECF No. 143) to dismiss plaintiff's second amended complaint (Complaint) (ECF No. 88 (Compl.));

### BACKGROUND AND PROCEDURAL HISTORY[1]

    1.    Plaintiff initiated this action over two years ago on April 28, 2023. (ECF No. 1.)

    2.    On January 27, 2025, plaintiff filed the operative Complaint, asserting claims against defendant Ritz and Stanley Maragoudakis under 42 U.S.C. § 3617, as well as for fraud, violations of the Fair Housing Act, and civil rights violations. (ECF No. 88.)

    3.    On May 9, 2025, plaintiff filed a motion for mediation (ECF No. 117).

    4.    On June 3, 2025, plaintiff and Maragoudakis failed to attend a status conference before Magistrate Judge Matthew J. Skahill.. (ECF No. 126.) Although plaintiff failed to appear for the status conference, Judge Skahill scheduled an in-person settlement conference (*id.*) in response to plaintiff's motion for mediation (ECF No. 117). Judge Skahill also ordered plaintiff and Maragoudakis to "appear for all future conferences, or, if necessary, request an

---

[1] The Court recites only those facts and procedural events necessary to the Court's decision to dismiss this matter for lack of prosecution. A more fulsome recounting of plaintiff's allegations can be found at ECF No. 40.

adjournment in advance of the conference" and indicated that "[f]ailure to do so may result in sanctions."   (ECF No. 126.)

5.   Plaintiff failed to attend the in-person settlement conference.   (ECF No. 131.)   In response, Judge Skahill ordered plaintiff "to show why she failed to attend the settlement conference" and rescheduled the settlement conference for August 12, 2025.   (*Id.*)   Judge Skahill warned plaintiff and placed her on notice that "[f]ailure to attend this conference and otherwise comply with this court order may result in sanctions."   (*Id.*)

6.   Plaintiff failed to respond to the order to show cause and failed to attend the August 12, 2025 settlement conference. (ECF No. 139.) Accordingly, on August 13, 2025, Judge Skahill entered a text order warning plaintiff and placing her on notice that if plaintiff did not move to reinstate the case and respond to the order to show cause within 90 days, "the case will be dismissed with prejudice."   (*Id.*)

7.   The 90-day deadline expired on November 11, 2025, and to date, plaintiff has neither moved to reinstate the case nor responded to the order to show cause.

## LEGAL STANDARD

8.   "A District Court has the authority to dismiss a suit for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b)."   *Ricks v. Udijohn*, No. 14–04079, 2017 WL 53706, at *2 (D.N.J. Jan. 4, 2017) (citing *Shipman v. Delaware*, 381 F. App'x 162, 164 (3d Cir. 2010)).   "A failure to comply with court orders, failure to respond to discovery, or other failure to act is sufficient to constitute lack of prosecution." *Id.* (citing *Wortman v. Umrani*, No. 05–01411, 2006 WL 2347853, at *3 (D.N.J. Aug. 11, 2006)).

9.   Courts ordinarily consider six factors to determine whether dismissal is appropriate: "(1) [t]he extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim."   *Id.* (citing *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)).   No single *Poulis* factor is determinative, and dismissal may be appropriate even if some of the factors are not met.   *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).   "If a court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and

Federal Rule of Civil Procedure 41(b)." *Ricks*, 2017 WL 53706, at *2 (citing *Iseley v. Bitner*, 216 F. App'x 252, 254–55 (3d Cir. 2007)).

10. However, "where a party willfully abandons his case, or makes adjudication of a matter impossible through his or her conduct, *Poulis* balancing is unnecessary." *Id.* (citing *Spain v. Gallegos*, 25 F.3d 439, 454–55 (3d Cir. 1994)); *see also Jackson v. U.S. Bankr. Ct.*, 350 F. App'x 621, 624 (3d Cir. 2009) (deeming *Poulis* analysis unnecessary "where a litigant willfully refuses to prosecute his case or effectively makes it impossible to proceed, leaving the District Court with little recourse other than dismissal").

## DISCUSSION

11. Plaintiff has "willfully abandon[ed]" and "ma[d]e[] adjudication of [this] matter impossible." *Ricks*, 2017 WL 53706, at *2. Such conduct renders *Poulis* balancing unnecessary. *Spain*, 25 F.3d at 454–55. Despite plaintiff's prior involvement in this case, plaintiff has been uncooperative over the past six months. Plaintiff has failed to appear for every conference since June 3, 2025 and has failed to comply with the Court's order directing her to explain her absences. Plaintiff's willful abandonment of her case leads to the conclusion that this case should be dismissed for lack of prosecution pursuant to Rule 41(b). *See Britton v. Norman Ostrow, Inc.*, No. 19–20306, 2021 WL 1842286, at *3 (D.N.J. Mar. 18, 2021), *report and recommendation adopted*, 2021 WL 1840038 (D.N.J. May 6, 2021) (dismissing case with prejudice without applying *Poulis* factors where plaintiff repeatedly failed to participate in the litigation over a four-month period).

Accordingly,

**IT IS** on this  **19th** day of **November 2025**   **ORDERED** that:

1. The matter is DISMISSED with prejudice.

2. The Clerk of the Court is directed to mark this case closed.

> */s/ Edward S. Kiel*
> **EDWARD S. KIEL**
> **UNITED STATES DISTRICT JUDGE**